Darren P.B. Rumack
THE KLEIN LAW GROUP
39 Broadway Suite 1530
New York, NY 10006
Phone: 212-344-9022
Fax: 212-344-0301
*Attorneys for Plaintiffs and proposed FLSA collective plaintiffs.*

## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

-----------------------------------------------------------------------x

**JORGE GALINDO and TELEFORO TAPIA,** *Individually*
 *and on behalf of others similarly situated,*

**Plaintiffs**

v.

**COMPLAINT**
**Index No.**

**COLLECTIVE ACTION**
**UNDER 29 USC § 216(b)**

**JURY TRIAL**
**DEMANDED**

**BASSAM SALIBA Individually**
**and BAB CAFÉ LLC d/b/a JOLIE'S NYC**

**Defendants.**

-----------------------------------------------------------------------x

1.      Plaintiffs, Jorge Galindo and Teleforo Tapia ("Plaintiffs"), individually and on

behalf of others similarly situated, alleges as follows:

## NATURE OF THE ACTION

2.      This Action on behalf of Plaintiffs, individually and on behalf of others

similarly situated, seeks the recovery of unpaid wages and related damages for

unpaid minimum wage and overtime hours worked, while employed by Bab

Café LLC d/b/a Jolie's NYC ("Jolie's") and Bassam Saliba ("Saliba").

Plaintiffs seek these damages under the applicable provisions of the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

## PARTIES

3.    Plaintiff Jorge Galindo, a resident of New York State, was employed as a porter/maintenance worker for Defendant Jolie's from on or about January 2016 through September 2016.  Plaintiff was employed by Defendants Jolie's and Saliba during the relevant limitations periods.

4.    Plaintiff Teleforo Tapia, a resident of New York State, was employed as a porter/maintenance worker for Defendant Jolie's from on or about April 2016 through September 2016.  Plaintiff was employed by Defendants Jolie's and Saliba during the relevant limitations periods.

5.    Plaintiffs' consent to sue forms are attached as Exhibit "A."

6.    Defendant Jolie's is a New York Corporation.  Defendant Jolie's is a nightclub located at 129 Avenue C, New York, NY 10009.

7.    Upon information and belief, Jolie's has an annual gross volume of sales in excess of $500,000.00.

8.    At all relevant times, Jolie's has been and continues to be an "employer" engaged in "commerce" and/or in the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

9.    Upon information and belief, Defendant Saliba is an owner and operator of Jolie's.

2

10.     Upon information and belief, Defendant Saliba exercises control over Jolie's day to day operations, including the ability to hire and fire employees and set employee schedules and employee rates of pay.

11.     Defendant Saliba was an employer of Plaintiffs during the relevant time period.

12.     All Defendants are hereinafter collectively referred to as "Defendants."

## FLSA COLLECTIVE ACTION ALLEGATIONS

13.     Plaintiffs bring the First and Third Claims for Relief as a collective action pursuant to FLSA Section 16 (b), 29 USC § 216(b), on behalf of all similarly situated workers employed by Defendants on or after the date that is three years before the filing of the Complaint in this case as defined herein ("FLSA Collective Plaintiffs").

14.     At all relevant times, Plaintiffs and the other FLSA Collective Plaintiffs are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subjected to Defendants' decision, policy, plan and common policies, programs, practices, procedures, protocols, routines and rules willfully failing and refusing to pay them at the legally required minimum wage for all hours worked and one and one half times this rate for work in excess of (40) hours per workweek.  The claims of Plaintiffs stated herein are essentially the same as those of the other FLSA Collective Plaintiffs.

15.     The First and Third Claims for Relief are properly brought under and maintained as an opt-in collective action pursuant to § 16(b) of the FLSA, 29

USC § 216(b).  The FLSA Collective Plaintiffs are readily ascertainable.  For purpose of notice and other purposes related to this action, their names and addresses are readily available from the Defendants.  Notice can be provided to the FLSA Collective Plaintiffs via first class mail to the last addresses known to Defendants.

## JURISDICTION AND VENUE

16.  This Court has original federal question jurisdiction under 28 U.S.C. § 1331, as this case is brought under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  This Court has supplemental jurisdiction over the New York state law claims, as they are related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

17.  Venue is proper in this District, because Defendants conduct business in this District, and the acts and/or omissions giving rise to the claims herein allegedly took place in this District.

## FACTUAL ALLEGATIONS

18.  Defendants committed the following alleged acts knowingly, willfully and intentionally.

19.  Defendants knew that the nonpayment of minimum wage and overtime pay to Plaintiffs and the FLSA Collective Plaintiffs would economically injure Plaintiffs and the FLSA Collective Plaintiffs and violated state and federal laws.

20.   Throughout the course of his employment at Jolie's, Plaintiff Galindo regularly worked six (6) days per week at Jolie's.

21.   Plaintiff Galindo worked ten (10) hours per day, four (4) days per week, and thirteen (13) hours per day, two (2) days per week.

22.   Plaintiff Galindo was paid a base salary of $50.00 per day, in cash, regardless of his hours worked per week.

23.   Throughout the course of his employment at Jolie's, Plaintiff Tapia regularly worked six (6) days per week at Jolie's.

24.   Plaintiff Tapia worked ten (10) hours per day, four (4) days per week, and thirteen (13) hours per day, two (2) days per week.

25.   Plaintiff Tapia was paid a base salary of $50.00 per day, in cash, regardless of his hours worked per week.

26.   Throughout the course of their employment at Jolie's, Plaintiffs regularly worked at least ten (10) hours per day.

27.   Plaintiffs also received an average of $15.00-$20.00 per day in tips.

28.   Plaintiffs and the FLSA Collective Plaintiffs often worked in excess of forty (40) hours per workweek.

29.   Defendants unlawfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the New York State or the federal minimum wage for all hours worked per week.

30.   Defendants unlawfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs one and one-half times their regular rate of pay for hours worked in excess of forty (40) hours per workweek.

31.  Defendants did not pay Plaintiffs a spread of hours premium pursuant to New York state law when their workdays lasted ten (10) or more hours.

32.  Defendants did not provide Plaintiffs and the FLSA Collective Plaintiffs with any written or oral information regarding the New York state or federal minimum wage.

33.  Defendants failed to provide Plaintiffs with a written notice of his rate of pay and failed to keep proper payroll records as required under New York law.

### FIRST CAUSE OF ACTION
**Fair Labor Standards Act-Minimum Wage Violations Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs**

34.  Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

35.  The minimum wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.*, and the supporting federal regulations apply to Defendants and protects Plaintiffs and the FLSA Collective Plaintiffs.

36.  Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the federal minimum wage for each hour worked.

37.  As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

### SECOND CAUSE OF ACTION
**New York Labor Law-Minimum Wage Violations Against All Defendants**

38. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

39. The minimum wage provisions of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

40. Defendants have willfully failed to pay Plaintiffs the New York State minimum wage for all hours worked.

41. Defendants' knowing or intentional failure to pay Plaintiffs minimum wage for all hours worked is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

42. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of minimum wage compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages, attorneys' fees, pre-judgment and post-judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## THIRD CAUSE OF ACTION
### Fair Labor Standards Act-Overtime Wages Brought By Plaintiffs on Behalf of Themselves and the FLSA Collective Plaintiffs

43. Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs, re-allege and incorporate by reference all allegations in all preceding paragraphs.

44. The overtime wage provisions set forth in the FLSA, 29 USC §§ 201 *et seq.,* and the supporting federal regulations apply to Defendants and protect Plaintiffs, and the FLSA Collective Plaintiffs.

45. Defendants have willfully failed to pay Plaintiffs and the FLSA Collective Plaintiffs the overtime wages for hours worked in excess of forty (40) hours in a workweek.

46. As a result of Defendants' unlawful acts, Plaintiffs and the FLSA Collective Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and are entitled to the recovery of such amount, liquidated damages, attorneys' fees, costs and other compensation pursuant to the FLSA.

## FOURTH CAUSE OF ACTION
### New York Labor Law-Unpaid Overtime

47. Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

48. The overtime wage provisions of Article 19 of the New York Labor Law and its supporting regulations apply to Defendants and protect Plaintiffs.

49. Defendants have willfully failed to pay Plaintiffs the overtime wages for hours he worked in excess of forty (40) hours in a workweek.

50. Defendants' knowing or intentional failure to pay Plaintiffs overtime wages for hours worked in excess of forty (40) hours per week is a willful violation of the New York Labor Law Article 19 § 650, *et seq.* and its supporting regulations.

51. As a result of Defendants' unlawful acts, Plaintiffs have been deprived of overtime compensation and other wages in an amount to be determined at trial, and is entitled to the recovery of such amount, liquidated damages,

attorneys' fees, pre and post judgment interest, costs and other compensation pursuant to the New York Labor Laws.

## FIFTH CAUSE OF ACTION
### New York Spread of Hours Provisions-NY Comp. Code R & Regs. Tit. 12 § 146-1.6

52.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

53.    Plaintiffs regularly had workdays that lasted more than ten (10) hours.

54.    Defendants willfully and intentionally failed to compensate Plaintiffs one hour's pay at the basic New York State minimum hourly wage rate when their workdays exceeded ten (10) hours, as required by New York law.

55.    As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, including liquidated damages, in an amount to be determined at trial, pre and post judgment interest, costs and attorneys' fees, as provided by NYLL § 663.

## SIXTH CAUSE OF ACTION
### New York Labor Law-Record Keeping Violations

56.    Plaintiffs re-allege and incorporate by reference all allegations in all preceding paragraphs.

57.    Defendants failed to make, keep and preserve accurate records with respect to Plaintiffs, including hours worked each workday, and total hours worked each week, as required by the NYLL and its supporting regulations.

58.    Defendants failed to provide Plaintiffs with a written notice of rate of pay as required by NYLL § 195.

59.    Defendants' failure to make, keep and preserve accurate records was willful.

60. As a result of Defendants' willful and unlawful conduct, Plaintiffs are entitled to an award of damages, in an amount to be determined at trial, costs and attorneys' fees, as provided by NYLL § 198.

**PRAYER FOR RELIEF**

61. WHEREFORE, Plaintiffs, individually and on behalf of the FLSA Collective Plaintiffs pray for relief as follows:

   a. An award of damages, according to proof, including liquidated damages, to be paid by Defendants;

   b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and New York law;

   c. Designation of this action as a collective action pursuant to the FLSA on behalf of the FLSA Collective Plaintiffs and ordering the prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated member of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

   d. Designation of Plaintiffs as representative plaintiffs of the FLSA Collective Plaintiffs;

   e. Penalties available under applicable laws;

   f. Costs of the action incurred herein, including expert fees;

   g. Attorneys' fees, including fees pursuant to 29 U.S.C. § 216, New York Labor Law § 663 and all other applicable statutes;

   h. Pre-judgment and post-judgment interest, as provided by law; and

i.  Such other and further legal and equitable relief as this Court deems
    necessary, just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff on behalf of himself and the FLSA Collective Plaintiffs hereby demand a

jury trial on all causes of action and claims with respect to which they have a right.

Dated: New York, New York            Respectfully submitted,
       February 2, 2017

                                    The Klein Law Group P.C.

                                    By: _____
                                         Darren P.B. Rumack
                                         39 Broadway, Suite 1530,
                                         New York, NY 10006
                                         Phone: 212-344-9022
                                         Fax: 212-344-0301
                                         *Attorneys for Plaintiffs and proposed*
                                         *FLSA collective plaintiffs.*

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Jolie's and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct. I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_____          1 | 6 | 17          Jorge  Galindo
Signature                        Date                 Printed Name

## CONSENT TO BECOME PARTY PLAINTIFF

By my signature below, I hereby authorize the filing and prosecution of my claims in my name and on my behalf to contest the failure of Jolie's and/or their respective owners, affiliated companies, subsidiaries, predecessors, successors, contractors, directors, officers, franchisees, and/or affiliates to pay minimum wage and overtime wages, as required under state and/or federal law, and for making illegal wage deductions and also authorize the filing of this consent in the action(s) challenging such conduct.  I authorize being named as the representative plaintiff in this action to make decisions on behalf of all other plaintiffs concerning the litigation, the method and manner of conducting this litigation, the entering of an agreement with Plaintiff's counsel concerning attorney's fees and costs and all other matter pertaining to this lawsuit.

_Telesforo Tapia – 1-7 – 2017_   _Telesforo Tapia_
Signature                Date                    Printed Name